UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL N. MORALES, | Case No. C07-5696FDB-KLS |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| DAN PACHOLKE, | Noted for June 13, 2008 |
| Respondent. | |

Petitioner is a state prisoner currently incarcerated at the Stafford Creek Corrections Center, located in Aberdeen, Washington. This matter is before the Court on petitioner's petition for writ of *habeas corpus* filed with this Court pursuant to 28 U.S.C. § 2254. After a careful review of the record, the undersigned submits the following report and recommendation, recommending that the Court deny the petition as untimely.

## DISCUSSION

On December 19, 2007, petitioner filed an application to proceed *in forma pauperis* and a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Dkt. #1-#4, #6-#10). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on petitions for writ of *habeas corpus* filed in federal court by persons in custody pursuant to the judgment of a state court. Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001); 28 U.S.C. § 2244(d). Section 2244(d) reads:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas

corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). This one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." <u>Dictado</u>, 244 F.3d at 726; 28 U.S.C. § 2244(d)(2). Conversely, the AEDPA's statute of limitations "is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).

Petitioner states in his petition that he was convicted on August 9, 1996, and sentenced on October 30, 1996. (Dkt. #1-2, p. 1). He further states that on April 9, 1999, the direct appeal of his conviction he had filed was denied by the Washington State Court of Appeals, Division II. (Dkt. #1-2, p. 2, #1-3, p. 6). Although petitioner makes reference to the issuance of a re-sentencing order on June 9, 1999, and another order amending his judgment and sentence issued on July 16, 1999 (Dkt. #1-3, p. 6), there is no indication petitioner sought further review of the court of appeals decision.

Petitioner states that he then filed a petition for writ of *habeas corpus* in Pierce County Superior Court on July 31, 2000. (<u>Id.</u>). Thus, even taking the July 16, 1999 date as the date on which to find that the AEDPA's one-year statute of limitations began to run – as opposed to April 9, 1999, the actual date the Court of Appeals denied petitioner's direct appeal – a total of 379 days, or more than one year, had already run before petitioner filed his state *habeas corpus* petition.

Petitioner does not indicate what the outcome was of the filing of that petition, though he does state that he filed a "motion to modify or correct judgment and sentence" on October 29, 2002, without

specifying the court in which this motion was filed. (Id. at p. 7).  Again petitioner does not state when that motion was denied, although he does relate that he failed to receive any relief as a result thereof. (Id.).  The next action petitioner stated that he took was on January 6, 2006, when he filed a personal restraint petition with the Washington State Court of Appeals. (Id.).  It is likely a significant amount of additional time passed during which no state court filing was pending prior to petitioner's filing of his state personal restraint petition, though, as explained below, the determination of the timeliness, or rather lack thereof, of petitioner's federal *habeas corpus* petition is not dependent thereon.

Resolution of petitioner's state personal restraint petition occurred on March 6, 2007, on which date petitioner states the Washington State Supreme Court entered an order denying his motion to modify the Washington State Supreme Court Commissioner's ruling denying his petition for discretionary review. (Id. at pp. 7-9).  As noted above, petitioner did not file his federal *habeas corpus* petition with this Court until December 19, 2007.  As such, in addition to the 379 days that already had run from July 16, 1999, until July 31, 2000, another 277 days were tolled between the date the Supreme Court issued its decision and the date petitioner filed his petition with this Court.  Therefore, it appears that the AEDPA's one-year statute of limitations has long passed, and that petitioner's petition for writ of federal *habeas corpus* relief is now time barred.

Although the "AEDPA's statute of limitations is subject to equitable tolling," it is "unavailable in most cases." Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (citation omitted).  Equitable tolling "is appropriate only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" Id. (citations omitted); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001); Allen v. Lewis, 255 F.3d 798, 799-800 (9th Cir. 2001).  "External forces," not petitioner's "lack of diligence" must account for his or her failure to file a timely petition. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  As the Ninth Circuit Court of Appeals has held:

> It will normally be much more difficult for a prisoner to demonstrate causation where he encounters the "extraordinary circumstances" in the beginning or middle of the limitations period than where he encounters them at the end of limitations period. This is the case because, if the prisoner is diligently pursuing his habeas petition, the one-year limitations period will ordinarily give him ample opportunity to overcome such early obstacles.

Allen, 255 F.3d at 800; see also Valverde v. Stinson, 224 F.3d 129, 134 (2nd Cir. 2000) (prisoner required to demonstrate causal relationship between extraordinary circumstances and lateness of filing); Fisher v.

Johnson, 174 F.3d 710, 715-16 (5th Cir. 1999) (rejecting equitable tolling claim because petitioner still had over six months to complete federal *habeas corpus* petition after termination of allegedly extraordinary circumstances).  Further, ignorance of the law, "even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (9th Cir. 2000) (quoting Fisher, 174 F.3d at 714.  Here, there is no indication that extraordinary circumstances beyond petitioner's control made it impossible for him to file his petition on time.

## CONCLUSION

Because it appears that petitioner has failed to timely file his federal *habeas corpus* petition within the AEDPA's one year statute of limitations, the Court should deny the petition.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **June 13, 2008**, as noted in the caption.

DATED this 19th day of May, 2008.

Karen L. Strombom
United States Magistrate Judge