UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL N. MORALES,

    Petitioner,

v.

DAN PACHOLKE,

    Respondent.

Case No. C07-5696FDB-KLS

ORDER DISMISSING PETITION

    The Magistrate Judge recommends that Morales' Petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 be denied as untimely. The Washington State Court of Appeals, Division II denied Morales direct appeal on April 9, 1999 (Dkt. # 1-2, p. 2, #1-3, p.6), a re-sentencing order issued on June 9, 1999, and an order amending Morales judgment and sentence issued on July 16, 1999 (Dkt. #1-3, p.6). The Magistrate Judge reasoned that even taking July 16, 1999 as the date on which the AEDPA's one-year statute of limitations period began to run – as opposed to April 9, 1999 the actual date that the Washington Court of Appeals denied Morales' direct appeal – more than one year (379 days) had already run before Morales filed his state *habeas corpus* petition.

    Next on January 6, 2006, Morales filed a personal restraint petition with the Washington State Court of Appeals, which was resolved on March 6, 2007 when, Morales states, the Washington State Supreme Court entered an order denying his motion to modify the Washington State Supreme Court Commissioner's ruling denying his petition for discretionary review. Morales filed his Federal *habeas corpus* petition on December 19, 2007. Thus, the Magistrate Judge concluded that "in addition to the 379 days that already had run from July 16, 1999, until July 30, 2000, another 277 days were tolled between the date the Supreme Court issued its decision and the date petitioner filed his petition with this Court.

ORDER
Page - 1

1  Therefore, it appears that the AEDPA's one-year statute of limitations has long passed, and that
2  petitioner's petition for writ of federal *habeas corpus* relief is now time barred." (R&R p.3)
3  Morales objects to the Report and Recommendation arguing that "if the Magistrate applies the
4  mailbox rule of the Supreme Court in Houston v. Lack, 487 U.S. 266, 275-76 (1988)(prisoners documents
5  deemed filed upon delivery to prison officials)" his petition would be timely "because I submitted my state
6  habeas petition to prison officials on July 16, 2000, which would total only 364 days." (Objections p. 1)
7  Morales' unsupported assertion does not persuade the Court that his petition is timely. The
8  relevant provision of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) at 28 U.S.C. §
9  2244(d) provides that

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review.

The Magistrate Judge calculated the time that ran between the periods when Morales' submissions were under advisement in State court, and this Court agrees that the AEDPA's one-year statute of limitations has long passed, and that petitioner's petition for writ of federal *habeas corpus* relief is now time barred.

The Court, having reviewed the petition for *habeas corpus*, the Report and Recommendation of Judge Karen L. Strombom, United States Magistrate Judge, and the remaining record, does hereby find and Order:

(1) the Court adopts the Report and Recommendation;

(2) petitioner's federal *habeas corpus* petition is DISMISSED; and

(3) the Clerk is directed to send copies of this Order to petitioner and to Judge Strombom.

DATED this 11th day of August 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE